IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas L. Taylor, *a/k/a Thomas Leon Taylor*,<br><br>    Plaintiff,<br><br>vs.<br><br>Henry Taylor and Gloria C. Taylor,<br><br>    Defendants. | C/A No 3:10-3177-MJP-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Thomas Leon Taylor, ("Plaintiff"), a self-represented pre-trial detainee, filed this civil action on December 15, 2010 essentially seeking monetary and injunctive relief alleging that the defendants have unlawfully taken his social security money. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of subject matter jurisdiction.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S.

25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Plaintiff filed this lawsuit because "[t]hrough the abuse of legal guardianship, Henry Taylor neglected his duties, and committed the act of forgery." Plaintiff alleges that Defendant Henry Taylor is his grandfather and that, after the untimely death of Plaintiff's mother when Plaintiff was fifteen years of age, Defendant Henry Taylor became Plaintiff's legal guardian. Allegedly, Plaintiff was to receive checks from the Social Security Administration in the amount of $252.00 per month while he was fifteen to eighteen years of age, and Defendant Henry Taylor was the payee on those checks. Plaintiff alleges that Defendant Henry Taylor was supposed to deposit Plaintiff's checks into a savings account for Plaintiff, but instead Defendant Henry Taylor spent all of the money for the benefit of Defendant Gloria Taylor, her four children, and Defendant Henry Taylor. Plaintiff alleges that he lived with Defendant Henry Taylor when he was fifteen years old, but that at some point he was "kicked out of the house." Plaintiff alleges that he became homeless and hungry, and that he was homeless during his years sixteen to eighteen and beyond. Plaintiff also alleges that Defendant Henry Taylor informed Plaintiff that Taylor had contacted the Social Security Administration to request that Plaintiff's benefits be discontinued prematurely.

Plaintiff alleges that Defendant Henry Taylor committed the crime of forgery to obtain Plaintiff's monies and that Defendant Henry Taylor neglected his responsibilities as Plaintiff's legal guardian. Plaintiff further alleges that Defendant Henry Taylor's actions were cruel and unusual acts of punishment and that he violated Plaintiff's civil liberties. Plaintiff requests money damages from the defendants based on forgery, mental anguish, cruel and unusual punishment, neglect, and abuse of authority. It appears that Plaintiff requests this court to "seize any and all funds and accounts and savings" belonging to the

defendants and all of the defendants' personal and real property so that Plaintiff's damages may be paid. (See generally, Compl., ECF No. 1.)

## DISCUSSION

Plaintiff filed a previous lawsuit in this court which is similar to this case. See Thomas L. Taylor v. Henry Taylor, C/A No. 3:03-1362-10BD (D.S.C.).[1] In his 2003 lawsuit, Plaintiff sued his same grandfather Henry Taylor for damages based on the grandfather's wrongfully spending every dime of Plaintiff's social security monies ($252.00 monthly checks sent for Plaintiff's benefit while Plaintiff was fifteen to eighteen years of age). Id., ECF No. 1. Plaintiff alleged that the grandfather had committed forgery and that Plaintiff had suffered mental anguish, cruel and unusual punishment, and neglect. Id. On May 27, 2003, the Honorable Matthew J. Perry, Jr., adopted the Report and Recommendation and dismissed that action without prejudice because Plaintiff did not allege that the defendant acted under the authority of state law. Id., ECF No. 6. Also, Plaintiff did not have standing regarding whether his grandfather should be prosecuted for a crime. Id., ECF No. 4.

In the case *sub judice*, Plaintiff's allegations describe a tragic series of events. However, this court does not have subject matter jurisdiction over this case. A civil action for Plaintiff's state law claims would be cognizable in this court under the diversity statute only if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F.Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-

---

[1] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. See Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Plaintiff does not allege that he and the defendants are domiciled in separate states, and, in fact, it appears that each of the parties is domiciled in South Carolina. Therefore, this court would not have diversity subject matter jurisdiction over any state law claims such as negligence or fraud.

Because Plaintiff alleges that his civil liberties were violated and that the defendants acted with cruel and unusual punishment, Plaintiff may be attempting to allege federal question subject matter jurisdiction under 28 U.S.C. § 1331. This court discerns that Plaintiff may be attempting to sue the defendants pursuant to 42 U.S.C. § 1983. To state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff has not alleged that the defendants acted under the color of law when they stole Plaintiff's social security monies. No facts are alleged to suggest that Defendant Gloria C. Taylor was a state actor. Defendant Henry Taylor was allegedly the legal guardian of Plaintiff at some point after Plaintiff's mother died and while Plaintiff was a minor. Even if Defendant Henry Taylor was appointed legal guardian by a court, a court appointment as a minor's legal guardian does not transform a private individual into a state actor because the legal guardian is supposed to act with loyalty to the minor and sometimes a minor's interests may be adverse to a state's interests. Cf. Parkell v. South Carolina, 687 F.Supp.2d 576, 587 (D.S.C. 2009) (a court-appointed guardian *ad litem* for a child was not a state actor for purposes of § 1983

because the guardian gives his undivided loyalty to the minor, not the state). In limited circumstances, a private entity defendant can act under color of state law for purposes of § 1983. The Fourth Circuit has articulated three situations in which particular conduct by a private entity constitutes "state action." See Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994). "First, a private party that is regulated by the state acts under color of state law where there is a 'sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.' " Id., see also Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). Second, "where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state." Conner v. Donnelly, 42 F.3d at 224. Third, where the private party exercised powers "that are 'traditionally the exclusive prerogative of the state.' " Id. In this case, Defendant Henry Taylor's alleged actions would not fairly be treated as that of South Carolina, nor did South Carolina provide encouragement for Taylor's actions, nor were Taylor's powers usually powers exercised by South Carolina. Therefore, Plaintiff has failed to state a § 1983 claim on which relief may be granted because no alleged facts would tend to show that the defendants acted under color of state law.

Additionally, to the extent Plaintiff may be pursuing a prosecution against the defendants for forgery, Plaintiff cannot have this court prosecute criminal charges against the defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not

to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); see also United States v. Giannattasio, 979 F.2d 98, 100 (7th Cir. 1992).

As discussed above, Plaintiff previously filed a lawsuit in this court based on similar factual allegations and similar legal claims. This court had ruled that those allegations were not cognizable in this court. Therefore, prior to filing this lawsuit Plaintiff was notified that his allegations lacked an arguable basis in law. Plaintiff's filing of this second similar lawsuit rises to the level of frivolousness and is a waste of judicial resources. See McLean v. United States, 566 F.3d 391, 399-400 (4th Cir. 2009) (explaining that a dismissal without prejudice based on frivolousness can be deemed a "strike"). Thus, Plaintiff's Complaint should also be dismissed because it is frivolous pursuant to 28 U.S.C. § 1915(e), and a "strike" should be entered for the purpose of 28 U.S.C. § 1915(g).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Additionally, because this case is virtually identical to the Plaintiff's 2003 case which was dismissed for the same reasons, the court recommends that this action be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 10, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).